No. 09-1792

THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

JOSEPH SHANIS, et al.,
Plaintiffs-Appellants,

vs.

PUTNAM INVESTMENTS TRUST, et al.,
Defendants-Appellees.

_____

On Appeal from the United States District Court for the District of Maryland
_____

**JOINT MOTION FOR STAY OF APPEAL
AND LIMITED REMAND FOR PURPOSES OF
CONSIDERING CLASS ACTION SETTLEMENT APPROVAL**

_____

Plaintiffs-Appellants, the Ohio Tuition Trust Authority and Joseph Shanis, and Defendants-Appellees Putnam Investments Trust, Putnam LLC, Putnam Investment Management LLC, Putnam Retail Management Limited Partnership, Irene M. Esteves, Robert F. Lucey, Stephen M. Oristaglio, Gordon H. Silver (the "Putnam Defendants"), and Marsh & McLennan Companies, Inc., Lawrence J.

Lasser, Carmel Peters, James Prusko, Justin Scott, Geirulv Lode, and Frank Perfetuo (the "Defendants-Appellees," and, together with the Plaintiffs-Appellants, the "moving parties"), hereby jointly move the Court for an Order staying and remanding this appeal to the District of Maryland for the limited purpose of determining whether that court will approve the proposed class action settlement which has been agreed upon and will resolve all litigation, including this appeal, among the foregoing parties, subject to District Court Approval. This motion is made upon the following grounds:

## FACTUAL AND PROCEDURAL BACKGROUND

This appeal concerns the lead case of numerous actions that were coordinated via Multidistrict Litigation proceedings in the court below. The lead case, a putative class action, was appealed by the Lead Plaintiff, Ohio Tuition Trust Authority ("OTTA") and plaintiff Joseph Shanis, pursuant to entry of separate and final judgment under Federal Rule of Civil Procedure 54(b), following the granting of summary judgment in favor of some defendants. Although the plaintiffs in the other coordinated cases are not parties to this appeal or the proposed settlement, they are members of the class whose claims, absent opting out, would be barred by the settlement if approved.

Plaintiffs are, or were, owners of shares of Putnam mutual funds. Plaintiffs alleged that the value of their shares was diluted as a result of rapid trading by

others investors known as "Market Timing." The District Court dismissed the claims on summary judgment as to many defendants in December 2008 on several grounds. That decision is the subject of the instant appeal. The parties participated in a mediation with the office of the Circuit Mediator under Local Rule 33 and reached a settlement. The settlement would resolve all outstanding issues as to all parties to this appeal, and make this appeal unnecessary. They believe that the proposed settlement provides a fair and reasonable disposition of claims brought on behalf of members of the putative class. Plaintiffs, however, wish to avoid any possible prejudice should the settlement not be approved and completed, and have therefore secured the right to go forward with this appeal should the settlement not become final.

In order to achieve these goals, the moving parties respectfully submit this Joint Motion for Stay of Appeal and Limited Remand for Purposes of Considering Class Action Settlement Approval (the "Motion") in order to allow the District Court to consider and possibly approve the proposed class action settlement, and to allow OTTA and Shanis to avoid prejudice should the proposed settlement not become final.

## **LEGAL ARGUMENT**

The Courts of Appeal have been receptive to requests for stays of appeals and limited remands in order for District Courts to consider settlements without

prejudicing the appellate rights of the parties in the event that the settlements are not finalized and approved. In <u>In re Chipcom Corp. Securities Lit.</u>, 1997 WL 1102329, No. CIV. A. 95-11114-DPW (D. Mass. June 26, 1997), the First Circuit granted a motion to stay an appeal and for a limited remand in order to allow the district court to consider whether a proposed class action settlement should be approved, noting that the pending appeal would be stayed until:

> this stay is dissolved or this appeal is dismissed as proved for herein. This court shall retain jurisdiction over this action during the limited remand called for by this Order. The existing judgment of the District Court from which this appeal was taken shall not be vacated or otherwise disturbed by the District Court.

<u>Id.</u> at *15 (quoting First Circuit's order granting parties' joint motion to stay and remand). <u>See also</u> <u>Spirt v. Teachers Ins. and Annuity Ass'n</u>, 93 F.R.D. 627 (S.D.N.Y. 1982) (noting that "Court of Appeals, pursuant to a stipulation among the parties, ordered that the appeals be withdrawn from active consideration in order that this Court could supervise the settlement negotiations . . . ."); <u>W.T. Grant Co. v. Rodman</u>, 20 B.R. 186 (S.D.N.Y. 1982) ("Negotiations continued while the appeal was pending, and the district court issued a limited remand so that Judge Galgay could supervise the negotiations.")  The procedural mechanism of a "partial remand serves to vest the district court with enough jurisdiction to consider a settlement while jurisdiction remains with the court of appeals . . . . In the event that the settlement is approved by the district court, the parties will file a

4

Stipulation of Dismissal pursuant to Federal Rule of Appellate Procedure 42(b). If the settlement is not approved, the court of appeals may proceed with the appeal." Joseph A. Torregrossa, Appellate Mediation in the Third Circuit -- Program Operations: Nuts, Bolts and Practice Tips, 47 VLLR 1059, n. 33 (2002); see also David G. Knibb, Federal Court of Appeals Manual § 27.2 (4th ed. 2006) ("The court of appeals may raise the question of a partial remand on its own or in response to a motion by one or more parties.")

## **CONCLUSION**

In order to facilitate the expeditious settlement of this class action, the moving parties respectfully request:

    A.    that this Court grant the Motion to allow the District Court to consider whether the proposed class action settlement should be consummated, and to allow the parties to this appeal to avoid prejudice in the event that the settlement does not become final;

    B.    that this Court further order that this appeal be stayed until such stay is dissolved or the appeal is dismissed;

    C.    that this Court retain jurisdiction over this class action during the limited remand, and that the orders of the District Court from which this appeal was taken shall not be vacated or otherwise disturbed by the District Court in the process of reviewing determining whether to approve the settlement;

    D.    that the moving parties be granted leave to move the District Court pursuant to Federal Rule of Civil Procedure 23 for approval of the settlement;

E.     that the District Court be directed to consider the motion for approval of the settlement, and to make whatever order and take whatever actions are appropriate with respect to such motion;

F.     that the District Court provide for the final disposition of this class action if it approves the settlement and the District Court's judgment approving the settlement becomes final;

G.     that this Court order that if the District Court does not approve the settlement the moving parties herein shall report to this Court, pursuant to Fourth Circuit Local Rule 12(d), that the settlement was not approved. The stay described above in Paragraph B shall thereupon be dissolved and the appellate proceedings in this case shall resume; and

H.     that this Court grant whatever other and further relief if deems necessary and appropriate.

A proposed order to effectuate the above requested relief is attached hereto as Exhibit A for the Court's convenience.

## STATEMENT OF NOTIFICATION AND CONSENT PURSUANT TO FOURTH CIRCUIT LOCAL RULE 27(A)

Pursuant to Fourth Circuit Local Rule 27(a), all counsel of record have been informed of and consent to the filing of the Motion.

Date: February 18, 2010                Respectfully submitted,

                                                  Richard Cordray
                                                  ATTORNEY GENERAL FOR THE
                                                  STATE OF OHIO
                                                  Randy Knutti
                                                  30 East Broad Street, 17th Floor
                                                  Columbus, Ohio 43215
                                                  Telephone: (614) 728-5454
                                                  Facsimile: (614) 995-0246

OF COUNSEL:

Richard S. Wayne
Nicole M. Lundrigan
John M. Levy
STRAUSS & TROY, L.P.A.
The Federal Reserve Building
150 East Fourth Street
Cincinnati, OH  45202-4018
Telephone:  (513) 621-2120
Facsimile:  (513) 629-9426

/s/ Stanley M. Chesley
Stanley M. Chesley
James R. Cummins
Terrance L. Goodman
Robert Heuck II
Jean M. Geoppinger
WAITE, SCHNEIDER, BAYLESS,
     & CHESLEY CO., L.P.A.
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, Ohio  45202
Telephone:  (513) 621-0267
Facsimile:   (513) 621-0262

***Counsel for Plaintiff-Appellant Ohio Tuition Trust Authority***

/s/ Sherrie R. Savett
Sherrie R. Savett
Lawrence Deutsch
Glen L. Abramson
(signed by Stanley M. Chesley with permission of Sherrie R. Savett)
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone:    (800) 424-6690
Facsimile:     (215) 875-4604

***Counsel for Plaintiff-Appellant Joseph Shanis***

/s/ James R. Carroll
James R. Carroll
Peter Simshauser
Eben Colby
Jason C. Weida
(signed by Stanley M. Chesley with permission of James R. Carroll)

/s/ Stephen W. Greiner
Stephen W. Greiner
(signed by Stanley M. Chesley with permission of Stephen W. Greiner)
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York  10019

7

SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
One Beacon Street
Boston, Massachusetts 02108

*Counsel for Defendants-Appellees Putnam Investments Trust, Putnam LLC, Putnam Investment Management Trust, Putnam Investment Management LLC, Putnam Retail Management Limited Partnership, Irene M. Esteves, Robert F. Lucey, Stephen M. Oristaglio and Gordon H. Silver*

*/s/ Daniel A. Pollack*
Daniel A. Pollack
Edward T. McDermott
Anthony Zaccaria
(signed by Stanley M. Chesley with permission of Daniel A. Pollack)
MCCARTER & ENGLISH, LLP
245 Park Avenue
New York, New York  10167
Tel:  (212) 609-6900
Fax:  (212) 645-0706

*Counsel for Defendant-Appellee Lawrence J. Lasser*

*/s/ Lawrence S. Bader*
Lawrence S. Bader
(signed by Stanley M. Chesley with permission of Lawrence S. Bader)
MORVILLO, ABRAMOWITZ, GRAND, IASON, ANELLO & BOHRER, P.C.
565 Fifth Avenue
New York, New York  10017
Tel:  (212) 880-9440

Tel:  (212) 728-8000
Fax:  (212) 728-8111

*Counsel for Defendant-Appellee Marsh & McLennan Companies, Inc.*

*/s/ Peter M. Casey*
Peter M. Casey
(signed by Stanley M. Chesley with permission of Peter M. Casey)
151 Carlton Lane
North Andover, Massachusetts  01845
Tel:  (617) 312-8752

*Counsel for Defendant-Appellee Carmel Peters*

*/s/ John F. Sylvia*
John F. Sylvia
Adam L. Sisitsky
Jessica C. Sergi
(signed by Stanley M. Chesley with permission of John F. Sylvia)
MINTZ LEVIN COHN FERRIS
    GLOVSKY & POPEO P.C.
One Financial Center
Boston, Massachusetts  02111

8

| | |
|---|---|
| Fax: (212) 856-9494 | Tel: (617) 542-6000 |
| | Fax: (617) 542-2241 |
| *Counsel for Defendant-Appellee* | |
| *James Prusko* | *Counsel for Defendant-Appellee* |
| | *Justin Scott* |

/s/ Michael T. Gass                  /s/ Kurt S. Kusiak

| | |
|---|---|
| Michael T. Gass | Kurt S. Kusiak |
| Robert B. O'Brien | Ann Hetherwick Cahill |
| (signed by Stanley M. Chesley with permission of Michael T. Gass) | (signed by Stanley M. Chesley with permission of Kurt S. Kusiak) |
| CHOATE, HALL & STEWART LLP | SALLY & FITCH LLP |
| Two International Place | One Beacon Street |
| Boston, Massachusetts 02110 | Boston, Massachusetts 02108 |
| Tel: (617) 248-4750 | Tel: (617) 542-5542 |
| Fax: (617) 248-5000 | Fax: (617) 542-1542 |
| | |
| *Counsel for Defendant-Appellee* | *Counsel for Defendant-Appellee* |
| *Geirulv Lode* | *Frank Perfetuo* |

## **CERTIFICATE OF SERVICE**

I, Robert Heuck II, certify that on February 18, 2010, the foregoing document was served upon all parties or their counsel of record through the CM/ECF system.

                                                 s/ Robert Heuck II
                                                 Robert Heuck II